UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY K. TUCKER and REBECCA TUCKER,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC. et al.,<br><br>　　　　Defendants. | Case No.: 11-cv-03086-YGR<br><br>**ORDER DENYING MOTION TO PLACE CERTAIN EXHIBITS UNDER SEAL** |

On December 18, 2012, Plaintiffs filed a Motion to Place Certain Exhibits Under Seal ("Motion"). (Dkt. No. 94.) At issue in the Motion are various deposition transcripts, including that of Plaintiff Gregory Tucker, and documents produced by Defendants in this action ("Documents at Issue"). The Documents at Issue are attached as exhibits to declarations in support of Plaintiffs' oppositions to Defendants' pending motion for summary judgment and various motions to exclude expert testimony.

The Motion indicates that certain pages from the deposition transcripts of Jorge Ochoa and Brad James were designated as Confidential by Defendants pursuant to the protective Order in this action. (Motion at 2, ¶ 4.) The Motion also indicates that the documents produced by Defendants have been designated Confidential pursuant to the protective order. (*Id.* at 2, ¶ 6.) It is unclear to the Court what the basis of the Motion is for the deposition transcripts of Gregory Tucker and Lester Hendrickson, although the Court presumes that the transcripts have also been designated as Confidential by Defendants under the protective order.

Under Civ. L.R. 79-5(d), which addresses "Filing a Document Designated Confidential by Another Party," a non-designating party wishing to file a document designated confidential must file and serve an administrative motion to seal and lodge the document or memorandum in accordance with the Local Rule. "Within 7 days thereafter, the designating party must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. If the designating party does not file its responsive declaration as required by this subsection, the document or proposed filing will be made part of the public record." Civ. L.R. 79-5(d).

Plaintiffs filed the pending Motion at least in part because Defendants have designated the Documents at Issue as Confidential. Defendants, however, did not file a declaration establishing that the designated exhibits at issue in the Motion are sealable, nor did counsel lodge and serve a narrowly-tailored proposed sealing order or withdraw the designation of confidentiality. *See* Civ. L.R. 79-5(d). As such, the Court **DENIES** the Motion for failure to comply with Civ. L.R. 79-5(d).[1] To the extent that Plaintiffs themselves sought to seal any Documents at Issue because *they* believe those documents should be sealed, the Court **DENIES** the Motion for failure to establish that there are compelling reasons warranting sealing and that the proposed sealing order is narrowly tailored. *See* Civ. L.R. 79-5(a); *Pintos v. Pacific Creditors Ass'n,* 605 F.3d 665, 678 (9th Cir. 2010).

The Documents at Issue in this Motion must be publicly-filed by Plaintiffs no later than Tuesday, January 8, 2013. Plaintiffs must immediately provide Chambers copies of all publicly-filed exhibits, with the ECF headers reflecting the filing date and docket item number. The Chambers copies must be three-hole punched, to be inserted in to the Chambers binders previously submitted.

This Order terminates Dkt. No. 94.

**IT IS SO ORDERED.**

Dated: January 4, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] The Court further notes that "[a] stipulation . . . that allows a party to designate documents as sealable, will *not suffice* to allow the filing of documents under seal." Civ. L.R. 79-5(a) (emphasis supplied).