UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY K. TUCKER and REBECCA TUCKER,<br><br>    Plaintiffs,<br><br>    v.<br><br>WRIGHT MEDICAL TECHNOLOGY, INC. et al.,<br><br>    Defendants. | Case No.: 11-cv-03086-YGR<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PENDING MOTIONS TO FILE CERTAIN EXHIBITS UNDER SEAL** |

Pending before the Court is Defendant Wright Medical Technology, Inc.'s Administrative Motion to File Certain Exhibits Under Seal ("Motion" [Dkt. No. 103]) and Supplemental Administrative Motion to File Certain Documents Under Seal ("Supplemental Motion" [Dkt. No. 112]). The Court previously denied a motion to seal filed by Plaintiffs because Defendant, who designated the documents at issue in that motion as confidential, failed to comply with Civ. L.R. 79-5(d).  (Dkt. No. 99.)

The Court will address each of the two categories of documents at issue in the pending Motion and Supplemental Motion, namely those attached as part of a dispositive motion, and those provided, at the Court's request, as background information on a *Daubert* motion. The Court will not seal the first as Defendant has not shown a compelling reason to do so. The latter will be sealed as the lower standard of good cause has been met.

**A.  Exhibits J, K, and R**

Defendant moves to seal documents that were previously at issue in Plaintiffs' motion to seal. These documents have been attached as Exhibits J and K to the Declaration of Thomas M. Gray In

1  Support of Plaintiffs' Opposition to Defendant's Motion to Exclude Testimony of Mari Truman (Dkt.
2  No. 82) and Exhibit R to the Declaration of Thomas M. Gray In Support of Plaintiffs' Opposition to
3  Defendant's Motion for Summary Judgment (Dkt. Nos. 91 & 92).[1]  At the hearing on January 15,
4  2013, the Court permitted Defendant to file a supplemental brief addressing the precise reasons that
5  Exhibits J, K, and R should be sealed.  Defendant thereafter filed its Supplemental Motion.

6        The Court first notes that Defendant has not shown good cause for its initial failure to comply
7  with Civ. L.R. 79-5(d) as to Plaintiffs' motion to seal.  As to the arguments for sealing raised in
8  Defendant's Motion and Supplemental Motion, Defendant has misstated the standard for sealing
9  documents relating to a dispositive motion.  The "good cause" standard does not apply merely
10 because documents were uncovered during discovery.  Rather, courts "treat judicial records attached
11 to dispositive motions differently from records attached to non-dispositive motions.  Those who seek
12 to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of
13 showing that 'compelling reasons' support secrecy.  A 'good cause' showing under Rule 26(c) will
14 suffice to keep sealed records attached to non-dispositive motions." *Kamakana v. City & County of*
15 *Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations omitted); *see Pintos v. Pacific Creditors*
16 *Ass'n*, 605 F.3d 665, 678 (9th Cir. 2009) (distinguishing between the "good cause" standard that
17 applies to material unearthed during discovery and documents that have become part of the judicial
18 record with a motion for summary judgment, to which the "compelling reasons" standard applies).
19 Because the documents at issue in this category have been submitted as part of Plaintiffs' opposition
20 to the summary judgment motion, the higher "compelling reasons" standard applies.

21       The Court finds that Defendant has not met the "compelling reasons" standard and has not
22 provided sufficient nor "specific factual findings" that outweigh the history of access and public
23 policies favoring disclosure.  *Pintos*, 605 F.3d at 678 (citing *Kamakana*, 447 F.3d at 1178–79).  To
24 Defendant's argument that the documents have only ever been produced in litigation subject to a
25 protective order, the Civil Local Rules clearly state that "[a] stipulation, or a blanket protective order
26 that allows a party to designate documents as sealable, will not suffice to allow the filing of

---

[1] Exhibit J consists of WMT_TUC 00874–885.  Exhibit K consists of WMT_TUC 00939–950.  Exhibit R is a combination of Exhibits J and K (WMT_TUC 00874–885 and WMT_TUC 00939–950).

United States District Court
Northern District of California

documents under seal." Civ. L.R. 79-5(a). In addition, the Court finds that Defendant's request to seal these exhibits is not narrowly tailored in compliance with Civ. L-R. 79-5. In effect, an order authorizing sealing of a document would require the court to *lock the courtroom doors as to the proffered material during trial*. Defendant has not provided sufficient reason for this Court to conceive that it could exclude the public if and when the subject matter of Exhibits J, K, or R is proffered at trial. Defendant's Motion and Supplemental Motion are hereby **DENIED**.[2]

Plaintiffs (as the party offering the exhibits in support of their oppositions) must publicly-file Exhibits J, K, and R in compliance with this Order by March 1, 2013 at 5:00 p.m.

### B.    WMT_TUC 001677 and 01722–01804

The Court requested that the parties provide documents referenced as categories h, i, and j in the expert report of Lester E. Hendrickson, PhD, at page 1. Defendant separately requests that the above-referenced bates ranges be sealed.

These documents have not been raised in relation to the summary judgment motion, and, rather, relate to the motion to exclude Dr. Hendrickson. In addition, these documents were specifically requested by the Court at oral argument. For these reasons, the Court will apply the lower "good cause" standard for non-dispositive motions and **GRANTS** Defendant's Supplemental Motion as to these documents. Parties are reminded that the "good cause" standard does not apply at trial.

Defendant must comply with General Order 62 with regard to the proper filing procedures for WMT_TUC 001677 and 01722–01804. Defendant must e-file these documents under seal by March 1, 2013 at 5:00 p.m.

As to all documents, the parties must make clear on the docket precisely what is being re-filed, and should contact the Courtroom Deputy with any questions.

This Order terminates Dkt. Nos. 103, 104 & 112.

**IT IS SO ORDERED.**

---

[2] The parties have filed a Stipulated Administrative Motion to Remove Electronic Docket Entries 100 and 102. (Dkt. No. 104.) The Court **DENIES** this request to the extent that docket entries cannot be "removed." To the extent that these entries have been locked pending Defendant's Motion and Supplemental Motion, they may remain locked. With the Court's ruling on the motions, the Court views Dkt. No. 104 as moot. All currently-locked documents not at issue in the pending motions must be re-filed by March 1, 2013 at 5:00 p.m.

Dated: February 27, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**